UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| LARRY MICHAEL WALTERS,<br><br>    Plaintiff,<br><br>v.<br><br>LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, *et al.*<br><br>    Defendants. | CIVIL ACTION NO. 5:20-169-KKC<br><br><br>**ORDER AND OPINION** |

Defendants Lexington-Fayette Urban County Government ("LFUCG") and Steve Haney jointly move to dismiss Plaintiff Larry Michael Walters' complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 6.) Plaintiff moves for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (DE 9). For the following reasons, the Court grants Plaintiff's motion for leave (DE 9) and denies Defendants' motion to dismiss (DE 6) as moot.

**I.   Background**

On March 11, 2020, Plaintiff filed a complaint in Kentucky state court against LFUCG, Steve Haney, Corizon Health, Inc. ("Corizon"), Michelle Welling, and various unknown employees of the Fayette County Detention Center and Corizon for failure to adequately treat Plaintiff's medical needs while incarcerated at the Fayette County Detention Center. (*See* Compl.) Specifically, Plaintiff asserts claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as claims of negligence, gross negligence, and professional negligence under state law. (Compl. ¶¶ 24-56.) Defendants LFUCG, Corizon, and Welling removed the case to this Court with Defendant Haney's consent on April 23, 2020. (DE 1;

1

DE 5.) On April 23, 2020, Defendants Corizon and Welling also filed their answer to Plaintiff's complaint. (DE 1-1 at 33-37.) Following removal, Defendants LFUCG and Haney jointly filed a motion to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. (DE 6.) The remaining defendants did not file a motion to dismiss.

In lieu of filing a response to the motion to dismiss, Plaintiff moved for leave to file an amended complaint pursuant to Rule 15(a)(2), citing to the differences in pleading standards in state court as compared to federal court and the need to correct errors in his initial complaint. (DE 9.) In the proposed amended complaint, Plaintiff does not seek to include any additional claims or parties, but rather, seeks to add further factual allegations in support of his- existing claims. (DE 9-1.) Defendants LFUCG and Haney filed a joint response in opposition to Plaintiff's motion for leave to amend. (DE 11.) Defendants Corizon and Welling similarly filed a response that adopted the entirety of the arguments set forth by Defendants LFUCG and Haney. (DE 12.) In their opposition to Plaintiff's motion, Defendants argue that amendment of the complaint would be futile because the proposed amended complaint "fails to ameliorate the deficiencies" present in the initial complaint, and therefore, the Court should deny Plaintiff's motion. (DE 11 at 1.)

## II. Analysis

Because the window for amending his complaint as a matter of course has closed, *see* Fed. R. Civ. P. 15(a)(1)(A)-(B), Plaintiff may only amend his complaint with written consent from the Defendants or the Court's permission. Fed. R. Civ. P. 15(a)(2). Since Defendants oppose the motion, it is solely within this Court's discretion to grant Plaintiff's motion for leave to amend. In such cases, the Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Accordingly, the granting or denial of a motion to amend is within the sound discretion of the Court. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69

(6th Cir. 1987). However, the Court may still deny a motion for leave to amend "when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

However, the Court is reluctant to make what would be tantamount to a dispositive ruling at this point in the proceedings. "Such futility arguments are likely better addressed after Plaintiff's amended complaint is in place." *PFS HR Sols., LLC v. Black Wolf Consulting, Inc.*, Case No. 1:17-CV-277-JRG-SKL, 2018 WL 5263031, at *3 (E.D. Tenn. June 28, 2018). This is particularly the case here, where Plaintiff drafted his initial complaint according to state pleading standards before his case was removed to a forum that he did not choose. Moreover, not all of the parties have fully briefed the issues. The Court finds that the best and most appropriate course at this juncture is to permit Plaintiff to amend his complaint, which would allow all of the defendants to present any arguments in favor of dismissal through motions to dismiss under Rule 12(b)(6) and give Plaintiff an opportunity to address those arguments in response. This motion is not one made with little time left for discovery or one made on the eve of trial. Nor does the proposed amended complaint seek to add any new parties or claims. Thus, in light of the unique posture of this case, the Court concludes that amendment is proper under the liberal standard of Rule 15.

### III. Conclusion

The Court hereby ORDERS as follows:

1. Plaintiff Larry Michael Walters' motion for leave to file an amended complaint is GRANTED (DE 9) and deemed filed as of the date of this Order; and

2. Defendants Lexington-Fayette Urban County Government and Steve Haney's motion to dismiss (DE 6) is DENIED as moot.

Dated March 05, 2021



*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY